**Affirmed and Memorandum Opinion filed March 19, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00885-CV

---

### LEZLEA ROSS, Appellant

### V.

### ST. LUKE'S EPISCOPAL HOSPITAL, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2010-75291**

---

## M E M O R A N D U M   O P I N I O N

Appellant Lezlea Ross appeals from the trial court's interlocutory order dismissing her suit against appellee St. Luke's Episcopal Hospital. The trial court dismissed the suit because Ross failed to file an expert report as required by Section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011).

The sole issue on appeal is whether Ross's claim based on a slip and fall occurring on the Hospital's premises is a "health care liability claim" (HCLC) to which the expert-report requirement applies.  Compelled by stare decisis, we hold that this claim is an HCLC, and we affirm.

## BACKGROUND

Ross slipped and fell in the lobby of St. Luke's Episcopal Hospital after visiting a patient.[1]  Ross brought this action against the Hospital and its maintenance and training contractor, Aramark Management Services L.P.

After the Texas Supreme Court decided *Texas West Oaks Hospital, LP v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012), the Hospital filed a motion to dismiss because Ross did not file an expert report explaining how the Hospital had breached a standard of care, or an expert report from a physician demonstrating how said breach caused Ross an injury.  The trial court granted the Hospital's motion, decreed that Ross's claims against the Hospital were HCLCs subject to Chapter 74, dismissed with prejudice Ross's claims against the Hospital, and ordered that Ross pay attorneys fees of $1,000.  Ross filed a timely notice of appeal from the trial court's interlocutory order.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10) (West Supp. 2012).

## ANALYSIS

In a single issue, Ross contends the trial court erred by granting the Hospital's motion to dismiss because her slip and fall claim is not an HCLC within the meaning of Chapter 74.

Ross was not a patient at the Hospital; she did not have a physician-patient relationship with any health care provider at the Hospital.  She was a visitor,

---

[1] Ross testified by deposition that a man was buffing the lobby floor.

injured in the *lobby* of the Hospital. Yet, the Texas Supreme Court instructs that these facts are irrelevant for purposes of determining whether Ross brings an HCLC.[2] Ross is a "claimant."[3]

The Hospital, a health care provider, is the defendant. The Hospital is a defendant because of the condition of its floors in the lobby, not because of any act or omission related to health care—unless the decision to have polished floors is health care—which the Hospital does not allege here. Yet, the Texas Supreme Court instructs that a connection between the act or omission and health care is unnecessary for purposes of determining whether Ross brings an HCLC.[4] An allegation pertaining to safety, standing alone and broadly defined, is sufficient.[5]

Ross likely never imagined that, under the Texas Supreme Court's construction, the plain language of the Texas Medical Liability Act would swallow her garden-variety slip and fall case. But it has. And, having failed to file an expert report as required by the Act, Ross owes the Hospital $1,000 in mandatory fees.[6]

Ross does not contest that an allegation that the floors are slippery is a "safety"-related claim. Ross does not attempt to remove her claim from the Texas

---

[2] *See Williams*, 371 S.W.3d at 188–89 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2012)). "[A] claim need not involve a patient-physician relationship for it to be an HCLC." *Id.* at 189.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(2).

[4] *See Williams*, 371 S.W.3d at 186 (allegations pertaining to safety need not be "directly related to health care").

[5] *See id.* at 184 (holding that "safety" in the context of the Act has the broadest meaning: "untouched by danger; not exposed to danger; secure from danger, harm or loss" (quotations omitted)).

[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1) (the trial court ***shall*** enter an order that awards fees and costs). During oral argument, the Hospital withdrew its request for fees on appeal.

Supreme Court's construction of the requites of the Act: A claimant (plaintiff), a defendant health care provider, and a harm or loss (safety). Ross argues simply that this court should ignore *Williams* because to apply it demands that we affirm. Because the result in this case is absurd, Ross urges, this court should resort to TEX. GOV'T CODE ANN. § 311.021(3) (West 2005) (stating that the Legislature is presumed to have intended a "just and reasonable result"), to disregard the Texas Supreme Court decision on point. We are without such authority. *See Lubbock Cnty., Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function a court of appeals to abrogate or modify established precedent. That function lies solely with this Court. Generally, the doctrine of stare decisis dictates that once the Supreme Court announces a proposition of law, the decision is considered binding precedent." (citations omitted)).

Thus, we must overrule her sole issue.

## CONCLUSION

Having overruled Ross's sole issue on appeal, we affirm the trial court's order.

/s/          Sharon McCally
             Justice

Panel consists of Justices Brown, Christopher, and McCally. (Brown, J., concurring without opinion).

4