

NUMBER 13-12-00602-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DOCTORS HOSPITAL AT
RENAISSANCE, LTD.,                                          Appellant,

v.

CLAUDIA MEJIA,                                              Appellee.

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

# DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Dissenting Memorandum Opinion by Justice Longoria**

Does Chapter 74 of the Texas Civil Practice and Remedies Code, known as the

Texas Medical Liability Act ("TMLA"), apply to a garden-variety, slip-and-fall claim by a

non-patient against a hospital if the injury occurred in a health care setting? *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 74.001–.507 (West 2011 & West Supp. 2011). The trial court ruled that it does not, and today, this Court reaches the same conclusion. However, the recent decision of the Texas Supreme Court in *Texas West Oaks Hospital, L.P. v. Williams*, 371 S.W.3d 171, 180 (Tex. 2012) instructs that the claim in this case is subject to the TMLA because appellee alleges that she suffered injuries that were proximately caused by the Hospital's departures from accepted standards of safety. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2011). Accordingly, I respectfully dissent.

## I. ANALYSIS

### A. Standard of Review

"We generally review a trial court's order granting or denying a motion to dismiss filed under section 74.351 under an abuse of discretion standard." *Hendrick Med. Ctr. v. Tex. Podiatric Med. Ass'n*, 392 S.W.3d 294, 296–97 (Tex. App.—Eastland 2012, no pet.). "However, when the issue, as in this case, involves the applicability of Chapter 74 to the plaintiff's claims and requires an interpretation of the statute, we apply a de novo standard of review." *Id.* at 297.

### B. Applicable Law

The TMLA applies to a lawsuit if it is a "heath care liability claim," which consists of three basic elements:

> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

2

*Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 179–80 (Tex. 2012) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13)). The parties dispute only the second element, and specifically, whether the claim is for "departure[s] from accepted standards of . . . safety . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13).

In *Texas West Oaks*, the Texas Supreme Court gave the term "safety" its "commonly understood meaning as the condition of being untouched by danger; not exposed to danger; secure from danger, harm or loss." *Tex. W. Oaks Hosp.*, 371 S.W.3d at 184 (quotations omitted). "Logically, the inclusion of safety expanded the scope of the statute beyond what it would be if it only covered medical and health care." *Id.* Because "the safety component of [a health care liability claim] need not be directly related to the provision of health care," it "could therefore encompass premises liability claims." *Id.* at 186 (quotations omitted).

In *Texas West Oaks,* the Texas Supreme Court adopted the statutory construction that was previously advanced by Chief Justice Wallace Jefferson in his concurring and dissenting opinion in *St. Luke's*, where he wrote that "the Legislature's definition of 'safety' forbids a premises liability claim against a health care provider, even if the claim is based on structural defect, criminal assault, or careless act." *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 674 (Tex. 2010) (Jefferson, C.J., concurring, dissenting). As Justice Guzman noted in her concurring and dissenting opinion in *St. Luke's*, "it is unclear what acts of ordinary negligence occurring in a health care setting, if any, might still fall within the scope of premises liability rather than health care liability." *See id.* at 675 (Guzman, J., concurring, dissenting). Under Chief Justice Jefferson's statutory interpretation, which the Texas Supreme Court adopted in *Texas*

3

*West Oaks*, even "classic premises liability claims" are covered by the TMLA. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 858 (Tex. 2005) (Jefferson, C.J., concurring, dissenting).[1]

In sum, under *Texas West Oaks*, "the term 'safety' . . . is so broad that almost any claim against a health care provider can now be deemed a health care liability claim." *Tex. W. Oaks*, 371 S.W.3d at 198 (Lehrmann, J., dissenting) (quotations omitted). Thus, applying *Texas West Oaks*, the Fourteenth Court of Appeals recently decided that a garden-variety, slip-and-fall claim by a non-patient against a hospital, much like the claim in this case, was a health care liability claim subject to the TMLA because "an allegation that the floors [we]re slippery [wa]s a 'safety'-related claim." *Ross v. St. Luke's Episcopal Hosp*., No. 14-12-00885-CV, 2013 Tex. App. LEXIS 2796, at *3–4 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, no pet. h.) (mem. op.) ("Ross likely never imagined that, under the Texas Supreme Court's construction, the plain language of the Texas Medical Liability Act would swallow her garden-variety slip and fall case. But it has."). The Dallas Court of Appeals has also issued a similar decision. *See Sherman v. HealthSouth Specialty Hosp., Inc*., No. 05-11-01039-CV, 2013 Tex. App. LEXIS 4208, at *13 (Tex. App.—Dallas April 2, 2013, no pet. h.) ("When a plaintiff claims a health care provider was negligent in failing to properly care for her safety,

---

[1] Notably, the recent decisions by the Texas Supreme Court, including *Texas West Oaks*, prompted a response from the Texas Legislature. *See* Tex. H.B. 2644, 83d Leg., R.S. (2013). Among other things, House Bill 2644 would have amended the TMLA to clarify that the definition of a health care liability claim "does not include claims arising from an injury to or death of a person who is not a patient, including employment and premises liability claims." *Id.* Ultimately, House Bill 2644 was not enacted. Therefore, the statutory interpretation adopted by the Texas Supreme Court in *Texas West Oaks* remains the controlling legal standard for purposes of this case.

those claims are health care liability claims even if the alleged act or omission is not directly related to the provision of health care.").[2]

## C. Discussion

In this case, appellee has alleged that the Hospital failed to provide "a safe walking area," "adequate safety measures," "adequate safety procedures," "adequate safety training," and "reasonable safeguards for safety and protection of all patrons." Appellee has further alleged that the Hospital "failed to keep the premises in a reasonably safe condition" and that the condition of the Hospital's premises was "unreasonably dangerous" and "unsafe." Applying the broad interpretation of the term "safety" adopted in *Texas West Oaks*, appellee's suit clearly alleges a departure from accepted standards of "safety" and is therefore within the statutory definition of a health care liability claim and subject to the provisions of the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13); *Tex. W. Oaks Hosp.*, 371 S.W.3d at 184. Therefore, because appellee failed to serve an expert report within 120 days of filing suit as required by the TMLA, *see id.* § 74.351(a), the trial court abused its discretion in denying the Hospital's motion to dismiss. Accordingly, the Hospital's sole issue should be sustained.

---

[2] Until now, only the Texarkana Court of Appeals had attempted to abrogate or modify *Texas West Oaks* by holding that the TMLA requires that a "safety claim have at least an indirect relationship to health care." *Good Shepherd Med. Ctr. - Linden, Inc. v. Twilley*, No. 06-12-00098-CV, 2013 Tex. App. LEXIS 2065, at *7 (Tex. App.—Texarkana Mar. 1, 2013, pet. filed). Today, this Court follows the Texarkana Court of Appeals. However, "[i]t is not the function of a court of appeals to abrogate or modify established precedent." *Lubbock County, Tex. v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). "That function lies solely with . . . [the Texas Supreme] Court." *Id.* Accordingly, we cannot abrogate or modify *Texas West Oaks*. *See Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 Tex. App. LEXIS 2796, at *4 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, no pet. h.) (mem. op.) ("Because the result in this case is absurd, Ross urges, this court should . . . disregard the Texas Supreme Court decision on point. We are without such authority.").

## II. CONCLUSION

For the reasons stated above, the trial court's order should be reversed and the case remanded to the trial court with instructions for the court to dismiss appellee's claims and to consider the Hospital's request for attorney's fees and court costs. Accordingly, I respectfully dissent.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
1st day of August, 2013.

6