**Reversed and Remanded and Majority and Concurring Opinions filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00120-CV

## MEMORIAL HERMANN HOSPITAL SYSTEM D/B/A MEMORIAL HERMANN SOUTHWEST HOSPITAL, Appellant

### V.

## SYLVIA GALVAN, Appellee

### On Appeal from the 61st District Court
### Harris County, Texas
### Trial Court Cause No. 2012-52629

## CONCURRING OPINION

I agree with the majority's disposition because we already have crossed this bridge; the result here is dictated by *Ross v. St. Luke's Episcopal Hospital*, No. 14-12-00885-CV, 2013 WL 1136613, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. filed) (mem. op.). I write separately to suggest that we should retrace our steps over the bridge and address anew whether a slip-and-fall claim by a hospital visitor is a health care liability claim under Chapter 74 of the Civil Practice and Remedies Code.

Every new law student quickly learns the legal reasoning process in which a professor first posits a rule, and then explores how the rule applies to a series of increasingly attenuated factual scenarios; eventually, a vanishing point is reached at which applying the rule to a particular situation no longer serves the purpose for which the rule was formulated. Thus is the student introduced to the concept of legal line-drawing.

No one disputes that a "[h]ealth care liability claim" encompasses a patient's claim against a doctor for professional negligence in providing medical treatment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(13) (Vernon Supp. 2013). This concept potentially reaches a patient's claim that a doctor committed an assault during an exam. *Loaisiga v. Cerda*, 379 S.W.3d 248, 257 (Tex. 2012). Additionally, it encompasses a hospital employee's negligence claim for injuries to the employee arising from the employee's patient care activities. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 183–86 (Tex. 2012); *see also Psychiatric Solutions, Inc. v. Palit*, No. 12-0388, __S.W.3d__, __, 2013 WL 4493118, at *2 (Tex. Aug. 23, 2013); *CHCA Bayshore, L.P. v. Salazar*, No. 14-12-00928-CV, 2013 WL 1907888, at *1–5 (Tex. App.—Houston [14th Dist.] May 7, 2013, pet. denied) (mem. op.). All of these scenarios have at least some direct or indirect relation to the delivery of health care services to patients.

I believe the vanishing point has been reached when a claim by a non-patient, non-employee hospital visitor who allegedly slips on water in the hallway is treated as a Chapter 74 health care liability claim requiring a Chapter 74 expert report. This claim differs in detail, but not in concept, from a slip-and-fall attributed to an oily spot next to the gas pump; an icy patch near the store entrance; or an errant piece of lettuce in the produce aisle.

I agree with opinions concluding that characterizing a slip-and-fall claim by a hospital visitor as a Chapter 74 health care liability claim is not compelled by Chapter

74's language, by the policies underlying the statute, or by the supreme court's decision in *Williams*. *See Christus St. Elizabeth Hosp. v. Guillory*, __S.W.3d__, __, No. 09-12-00490-CV, 2013 WL 6019523, at *1–3 (Tex. App.—Beaumont Nov. 14, 2013, pet. filed); *Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at *1–4 (Tex. App.—Corpus Christi Aug. 1, 2013, no pet.) (mem. op.). This issue has split the intermediate courts of appeals and awaits resolution by the Texas Supreme Court; in addition to *Ross*, at least one other opinion has concluded that a slip-and-fall claim asserted by a hospital visitor is a health care liability claim and therefore is subject to Chapter 74's expert report requirement. *E. Tex. Med. Ctr. Reg'l Health Care Sys. v. Reddic*, __S.W.3d__, __, No. 12-13-00107-CV, 2013 WL 6252702, at *1–4 (Tex. App.—Tyler Dec. 4, 2013, no pet. h.).

Memorial Hermann does not identify — and I cannot discern — a nexus between Galvan's claimed injury and the provision of health care, other than the hospital location of the visitor's alleged fall. Instead, Memorial Hermann points to *Williams* and *Ross* and argues as follows: "The Texas Supreme Court has recently held, and this Court has affirmed, that safety claims need not be directly related to health care to be characterized as a Health Care Liability Claim . . . pursuant to Chapter 74 . . . ." This assertion does not answer the line-drawing question posed by this case. Saying that safety claims "need not be directly related to health care" to fall within Chapter 74 is not equivalent to saying that Chapter 74 reaches safety claims lacking any relation to health care whatsoever.

/s/     William J. Boyce
         Justice


Panel consists of Chief Justice Frost and Justices Boyce and Busby. (Frost, C.J., majority).

3