**Affirmed and Memorandum Opinion filed April 24, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00421-CV

---

**SHEILA ADAMS, Appellant**
**V.**
**GOLDEN RULE SERVICE, INC., Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 70538**

---

### M E M O R A N D U M   O P I N I O N

Appellant Sheila Adams sued her employer, appellee Golden Rule Service, Inc., for injuries she allegedly received while assisting a patient at Golden Rule's health care facility. The trial court dismissed the case on Golden Rule's motion, because Adams did not serve an expert report as required under the Texas Medical Liability Act (TMLA). *See generally* Tex. Civ. Prac. & Rem. Code §§ 74.001– .507. On appeal, Adams maintains that the TMLA does not govern her claims

because they are neither directly nor indirectly related to the provision of health care. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Adams filed suit against Golden Rule, alleging that, while in the course and scope of her employment at Golden Rule's facility in Pearland, she "sustained serious and permanent injuries while attempting to assist a patient." Adams alleged that her injuries were proximately caused by Golden Rule's negligence "in failing to provide the proper equipment or training for the job required of Plaintiff, failing to provide adequate assistance or supervision to Plaintiff in performing the tasks she was assigned to perform, and in failing to provide her a safe place to work." Golden Rule is a non-subscriber to workers' compensation.

After Adams's petition had been on file for 120 days, Golden Rule filed a motion to dismiss under the TMLA. Relying on *Texas West Oaks Hospital, LP v. Williams*, 371 S.W.3d 171 (Tex. 2012),[1] Golden Rule argued that Adams's claims were health care liability claims governed by the TMLA because they concerned departures from accepted standards of safety and, because Adams failed to serve the statutorily required expert report within the 120-day deadline, Golden Rule was

---

[1] In that case, Williams, a psychiatric technician at Texas West Oaks Hospital, a private mental-health hospital, sued his employer for on-the-job injuries he sustained while supervising a psychiatric patient. 371 S.W.3d at 174–75. The *Williams* court held that Williams was a "claimant" under the TMLA; his claims that West Oaks failed to provide adequate training, warning, monitoring, supervision, and a safe workplace were "health care liability claims" governed by the TMLA; and his failure to serve West Oaks with an expert report within the TMLA's 120-day deadline mandated dismissal of his suit. *See id.* at 174, 192–93.

entitled to dismissal of her claims with prejudice and an award of attorney's fees and costs. *See* Tex. Civ. Prac. & Rem. Code §§ 74.001(a)(13), 74.351(a)–(c).

Golden Rule later amended its motion to present additional argument based on *Ross v. St. Luke's Episcopal Hospital*, which issued shortly after it filed the motion to dismiss. *See* No. 14-12-00885-CV, 2013 WL 1136613 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. filed) (mem. op.). In *Ross v. St. Luke's Episcopal Hospital*, this court applied judicial dicta from the *Williams* opinion regarding claims based upon alleged departures from accepted safety standards, holding that a slip-and-fall claim by a hospital visitor against the hospital was a health care liability claim. *See id.* at *1–2. On April 18, 2013, the trial court granted Golden Rule's motion to dismiss. This appeal followed.

## II. ANALYSIS OF ADAMS'S ARGUMENT

In her sole issue on appeal, Adams argues that her claims are distinguishable from those in *Williams* and do not raise a health care liability claim in light of the Supreme Court's recent analysis in *Loaisiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012). Adams also argues that this court should revisit its analysis in *Ross* and "embrace" a narrower characterization of safety claims, as did the court in *Good Shepherd Medical Center-Linden, Inc. v. Twilley*, No. 06-12-00098-CV, ___ S.W.3d ___, 2013 WL 772136, at *6 (Tex. App.—Texarkana Mar.1, 2013, pet. denied) (concluding that, based on its reading of *Loaisiga* and *Williams*, a safety claim completely unrelated to health care is excluded from the legislated scope of the TMLA). But we reject Adams's arguments because our resolution of this case is guided by settled precedent of this court.

Adams alleges that she was injured at Golden Rule's facility while assisting a patient. Adams's petition offers no additional details concerning the nature of her employment or the manner in which she allegedly sustained her injuries. At the hearing on Golden Rule's motion to dismiss, however, Golden Rule's counsel stated that Adams was working as a nursing aide, and Adams's counsel did not disagree. Adams's counsel also acknowledged that Golden Rule is a health care provider. Thus, Adams, a health care worker employed by a health care provider, alleges she sustained injuries while assisting a patient due to Golden Rule's failure to provide her with adequate training, equipment, assistance, supervision, and a safe workplace to perform her duties as a nursing aide.

In very similar circumstances, this court has held that such claims based on a health care provider's alleged departures from accepted standards of safety are health care liability claims subject to the TMLA's expert report requirement. *See Tillman v. Mem'l Hermann Hosp. Sys.*, No. 14-12-01169-CV, ___ S.W.3d ___, 2013 WL 5470064, at *3 (Tex. App.—Houston [14th Dist.] Oct. 1, 2013, pet. denied) (holding negligence action by a hospital employee who injured her back while x-raying a patient was a health care liability claim when her claims arose from the hospital's alleged failure to adequately hire, train, supervise, and warn employees so as to minimize risks of injury to those employees providing health care services to patients); *CHCA Bayshore, L.P. v. Salazar*, No. 14-12-00928-CV, 2013 WL 1907888, at *4–5 (Tex. App.—Houston [14th Dist.] May 7, 2013, pet. denied) (mem. op.) (holding hospital employee's negligence action against hospital for injuries received while attempting to maneuver a patient was a health care liability claim because the hospital's alleged failure to provide proper training,

equipment, and supervision for hospital personnel responsible for moving patients "clearly implicates safety as that term was interpreted by the *Williams* court").[2]

We are bound by these prior opinions. *See Chase Home Fin., L.L.C. v. Cal. W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Moreover, in the months since Adams filed her appellate brief, our supreme court has denied review of both *Tillman* and *Salazar*. Applying the reasoning of these cases, we conclude that Adams's action likewise involves a departure from accepted standards of safety and so constitutes a health care liability claim under the TMLA. *See Williams*, 371 S.W.3d at 183–184, 186; *Tillman*, 2013 WL 5470064, at *3; *Salazar*, 2013 WL 1907888, at *4–5. Because Adams failed to serve Golden Rule with an expert report as required under the TMLA, the trial court did not err in dismissing her claims.

We overrule Adams's issue and affirm the trial court's judgment.


/s/    Ken Wise
         Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

[2] In her reply brief, Adams concedes that her claims are not materially different from the claims in *CHCA Bayshore, L.P. v. Salazar*, and in fact acknowledges that they are "quite similar."