**Reversed and Remanded and Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00499-CV

---

## CHCA WEST HOUSTON, L.P. D/B/A WEST HOUSTON MEDICAL CENTER, Appellant

### V.

## CHRISTA SHELLEY, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-197304**

---

# O P I N I O N

The main issue in this appeal is whether a non-patient slip-and-fall claim against a hospital is a health care liability claim under the Texas Medical Liability Act. The appellant, a hospital, asserts it is. The appellee, a secretary employed by the hospital who was injured in the workplace, asserts it is not. When no expert

report was timely served, the hospital filed a motion to dismiss the employee's negligence claim on the grounds that she had not complied with the expert-report requirement of the Texas Medical Liability Act. The employee asserts her claim is not a health care liability claim and, therefore, she was not required to comply with this expert-report requirement. Applying this court's precedent, we conclude that the employee's claim is a health care liability claim. Therefore, we reverse the trial court's order and remand with instructions that the trial court dismiss the claim with prejudice and award the hospital reasonable attorney's fees and court costs.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to appellee/plaintiff Christa Shelley, while employed as a secretary by appellant/defendant CHCA West Houston, L.P. d/b/a West Houston Medical Center (hereinafter the "Hospital"), she slipped and fell at her workplace, sustaining very serious injuries.[1] Shelley testified by affidavit that the Hospital is a "Radiation Oncology Facility," whose hours of operation are 8:00 a.m. to 4:30 p.m., and that she slipped and fell at approximately 7:40 a.m., when there were no patients on the Hospital's premises. Shelley alleged that she stepped onto a floor mat that slipped causing her to fall hard on the floor. Shelley asserted that the floor under the mat was extraordinarily slick due to a slippery substance that had been applied to the floor by Ultra Medical Cleaning & Environmental Services, a cleaning company (hereinafter, the "Cleaning Company"). Shelley alleged that the Cleaning Company created an unreasonably dangerous condition when it applied the substance to the floor under the mat without allowing it to dry properly or without removing the residual substance.

---

[1] It is undisputed that appellant is a hospital.

Shelley filed suit against the Hospital and the Cleaning Company, asserting negligence claims.[2] Shelley's negligence claim against the Hospital was based on several theories, including premises liability, negligent activity, failure to provide a safe workplace, and negligence per se.

Shelley did not serve any document on the Hospital to satisfy the expert-report requirements of Texas Civil Practice and Remedies Code section 74.351.[3] The Hospital then filed a motion to dismiss under section 74.351(b), asserting that Shelley's claim is a health care liability claim, and that she failed to timely serve an export report in an attempt to comply with section 74.351(a). Therefore, the Hospital asked the trial court to dismiss Shelley's claim with prejudice and to award the Hospital reasonable attorney's fees and court costs, as provided under section 74.351(b). In response, Shelley asserted that there was no nexus between her injury, which occurred before business hours, when no patients were on the premises and no health care services were being offered, and the provision of health care services. Shelley proffered various arguments in support of her assertion that her negligence claim against the Hospital is not a health care liability claim and that she was not required to file an expert report under section 74.351(a). The trial court denied Shelley's motion to dismiss and the Hospital timely perfected this interlocutory appeal from the trial court's order.[4]

---

[2] The Medical Center is a nonsubscriber to the Texas workers' compensation system.

[3] Unless otherwise noted, all statutory references are to the Texas Civil Practice and Remedies Code.

[4] We have appellate jurisdiction over this interlocutory appeal under section 51.014(a)(9). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2014); *Badiga v. Lopez*, 274 S.W.3d 681, 684–85 (Tex. 2009).

## II.  ISSUES AND ANALYSIS

On appeal, the Hospital asserts three issues: (1)  Shelley's claim is a health care liability claim under section 74.001(a)(13); (2) Shelley failed to timely serve the expert report mandated by 74.351(a); and (3) the trial court erred in denying the Hospital's motion to dismiss and in failing to award it reasonable attorney's fees and court costs.

Generally, we review a trial court's order granting or denying a section 74.351(b) motion under an abuse-of-discretion standard.  *See Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Memorial Hermann Hosp. System v. Galvan*, No. 14-13-00120-CV, —S.W.3d—,—, 2014 WL 295166, at * 2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2014, no pet. h.)  But, when the issue presented requires statutory interpretation or a determination of whether Chapter 74 applies to a claim, the issue is a question of law to which we apply a de novo standard of review.  *See Stockton*, 336 S.W.3d at 615; *Galvan*, 2014 WL 295166, at *2.

### A.  Is the plaintiff-employee asserting a health care liability claim?

Only health care liability claims are subject to section 74.351.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2014).  A health care liability claim is:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id*. § 74.001(a)(13) (West 2014).

There are three basic elements to a health care liability claim: (1) a physician

or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission of which the claimant complains allegedly must have been the proximate cause of injury to the claimant. *See Psychiatric Solutions, Inc. v. Palit*, 414 S.W.3d 724, 725 (Tex. 2013). The Hospital is a defendant and a health care provider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(11),(12). And, Shelley alleges that the Hospital's acts or omissions proximately caused her injury. Thus, only the second element is at issue.

The Hospital does not contend that Shelley's claim concerns treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or professional or administrative services directly related to health care. Rather, the Hospital asserts that, under the Supreme Court of Texas's opinion in *Texas West Oaks Hospital, LP v. Williams*, Shelley's claim concerns a departure from accepted safety standards and therefore is a health care liability claim. *See* 371 S.W.3d 171, 183–86 (Tex. 2012). This issue is determined by recent precedent from the Supreme Court of Texas and this court.

This court already has determined that (1) the high court's statements in *Williams* regarding claims based upon alleged departures from accepted safety standards are judicial dicta that bind this court; and (2) under these judicial dicta, health care liability claims based upon alleged departures from accepted safety standards must involve an alleged departure from standards for protection from danger, harm, or loss, but need not involve an alleged departure from standards that involve health care or are directly or indirectly related to health care. *See*

5

*Williams*, 371 S.W.3d at 183–86; *Galvan*, 2014 WL 295166, at *3–5.

Two months after the Supreme Court of Texas decided the *Williams* case, it addressed the legal standard for determining whether claims against a medical or health care provider for the intentional tort of assault are health care liability claims. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 254–57 (Tex. 2012). The *Loaisiga* court concluded that there is a presumption that a claim is a health care liability claim if it is against a physician or health care provider and is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement. *See id.* at 256. The high court stated that it "fail[ed] to see how the Legislature could have intended the requirement of an expert report to apply under circumstances where the conduct of which a plaintiff complains is wholly and conclusively inconsistent with, and thus separable from, the rendition of 'medical care, or health care, or safety or professional or administrative services directly related to health care' even though the conduct occurred in a health care context." *Id.* at 257. The *Loaisiga* court held that a claim against a medical or health care provider for assault is not a health care liability claim if the record conclusively shows that "(1) there is no complaint about any act of the provider related to medical or health care services other than the alleged offensive contact, (2) the alleged offensive contact was not pursuant to actual or implied consent by the plaintiff, and (3) the only possible relationship between the alleged offensive contact and the rendition of medical services or health care was the setting in which the act took place." *Id.* The *Loaisiga* court did not cite or refer to the *Williams* decision in its opinion. *See id.* at 252–63.

One year later, the Supreme Court of Texas reviewed a case with facts similar to the *Williams* case. *See Psychiatric Solutions, Inc.*, 414 S.W.3d at 725–

In doing so, the *Psychiatric Solutions* court reaffirmed *Williams*, including the *Williams* court's analysis of claims based upon alleged departures from accepted safety standards. *See id*. The high court did so despite a concurring opinion from a justice who joined the court after *Williams* was decided, in which the concurring justice disagreed with the *Williams* court's analysis of claims based upon alleged departures from accepted safety standards. *See id*. at 727 (Boyd, J, concurring).

In *Ross v. St. Luke's Episcopal Hospital*, this court applied the judicial dicta in *Williams* regarding claims based upon alleged departures from accepted safety standards, holding that a slip-and-fall claim by a hospital visitor against the hospital was a health care liability claim. *See* No. 14-12-00885-CV, 2013 WL 1136613, at *1–2 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. granted) (mem. op.). This court held that, under *Williams*, a claim based upon an alleged departure from accepted standards of safety, broadly defined, may constitute a health care liability claim, even if no patient-physician relationship is involved and the allegedly negligent conduct does not relate to health care. *See id*. Not long after, in *Galvan*, this court held that under the *Williams* judicial dicta, the decisions of this court applying these judicial dicta, and the Supreme Court of Texas's decision in *Palit*, a hospital visitor's slip-and-fall claim was based upon an alleged departure from accepted standards of safety and was a health care liability claim, even if the claim did not involve an alleged departure from standards that involve health care or are directly or indirectly related to health care. *See Galvan*, 2014 WL 295166, at *3–10.

On appeal, Shelley presents the following arguments: (1) Shelley's injuries are nothing like the circumstances in *Williams*; (2) the *Williams* court did not hold that no relationship whatsoever is required between the claimant's injury and the

7

provision of health care to trigger Chapter 74's expert-report requirements; (3) various sister courts of appeals have held that there must be a nexus between a claim based upon alleged departures from accepted standards of safety and the provision of health care to trigger Chapter 74's expert-report requirements; (4) Shelley relies upon two sentences from the Supreme Court of Texas's opinion in *Loaisiga* that the plaintiff in the *Galvan* case also cited for support, *see Galvan*, 2014 WL 295166, at \*8–9; (5) there is no relationship between the provision of health care and Shelley's injuries; (6) the *Ross* opinion is not a binding precedent regarding the issues in Shelley's case because the *Ross* court only held that it could not ignore the *Williams* precedent and Shelley is not asking that this court to ignore the *Williams* precedent; (7) not requiring a relationship between the claimant's injury and the rendition of health care would lead to absurd results; (8) requiring Shelley to file an expert report would be contrary to Chapter 74's unambiguous language and would be an exercise in futility; and (9) Shelley relies upon language from the Supreme Court of Texas's opinion in *Diversicare General Partners, Inc. v. Rubio,* 185 S.W.3d 842, 854 (Tex. 2005).

The first eight arguments are the same or substantially similar to arguments this court considered and rejected in *Galvan*. *See Galvan*, 2014 WL 295166, at \*2–10. Because we are bound by this prior panel opinion, we reject Shelley's first eight arguments based upon the *Galvan* precedent. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 781–82 & n.8 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc); *Galvan*, 2014 WL 295166, at \*2–10.

In the ninth argument, Shelley asserts that, in *Diversicare General Partners, Inc. v. Rubio*, the Supreme Court of Texas recognized that there may be circumstances that give rise to premises liability claims in a health care setting that

8

may not properly be classified as health care liability claims. *See Diversicare General Partners, Inc. v. Rubio,* 185 S.W.3d 842, 854 (Tex. 2005). Though the *Diversicare* court did state that there *may be* such circumstances, the court did not hold or state that there *were actually* such circumstances. *See id.* Shelley further argues that the *Diversicare* court provided the following examples of claims that are separable from the provision of health care: an unlocked window that gives an intruder access to the health care facility or a rickety staircase that gives way under a claimant's weight. The *Diversicare* court mentioned these hypothetical situations, but did not expressly state that they were examples of claims that are separable from the provision of health care. *See id.* Even if the *Diversicare* court had made such a statement, the high court did not hold or state that claims based upon such fact patterns do not give rise to health care liability claims. *See id.* at 854–855.

Moreover, as noted in *Galvan*, the *Williams* court cited with approval Chief Justice Jefferson's concurring and dissenting opinion in *Diversicare* for the proposition that "safety" means "protection from danger" and that the "'specific source of that danger . . . is without limitation.'" *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 185 (Tex. 2012) (quoting *Diversicare Gen. Partners,* 185 S.W.3d at 860–61) (Jefferson, C.J., concurring and dissenting)). *See Galvan*, 2014 WL 295166, at *4. The *Williams* court also cited Chief Justice Jefferson's concurring and dissenting opinion in *Marks* for the proposition that this definition of "safety" could encompass premises-liability claims. *Williams*, 371 S.W.3d at 186 (relying upon *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 674 (Tex. 2010) (Jefferson, C.J., concurring and dissenting)). *See Galvan*, 2014 WL 295166, at *4.

In both *Ross* and *Galvan,* this court determined that slip-and-fall claims asserted by hospital visitors were health care liability claims under the judicial dicta in *Williams*. *See Galvan*, 2014 WL 295166, at *2–10; *Ross*, 2013 WL 1136613, at *1–2. Though today's case involves a slip-and-fall claim by a hospital employee who allegedly fell when the hospital was not in operation, this court's construction and application of the *Williams* judicial dicta in *Ross* and *Galvan* yield the same conclusion. *See Galvan*, 2014 WL 295166, at *2–10; *Ross*, 2013 WL 1136613, at *1–2. Various sister courts of appeals have construed and applied the *Williams* judicial dicta in a manner materially different from this court's construction and application of these judicial dicta.[5] *See Methodist Healthcare Sys. of San Antonio v. Dewey*, 423 S.W.3d 516, 517–19 (Tex. App.— San Antonio 2014, pet. filed); *Baylor Univ. Medical Center v. Lawton*, — S.W.3d—,—, No. 05-13-00188-CV, 2013 WL 6163859, at *1–4 (Tex. App.— Dallas Nov. 25, 2013, pet. filed); *Christus St. Elizabeth Hosp. v. Guillory*, 415 S.W.3d 900, 901–03 (Tex. App.—Beaumont Nov. 14, 2013, pet. filed); *Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at *1–4 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed); *Good Shepherd Med. Ctr.-Linden, Inc. v. Twilley*, 422 S.W.3d 782, 783–89 (Tex. App.—Texarkana 2013, pet. denied). *But see East Texas Med. Center Regional Health Care Sys. v. Reddic*, 426 S.W.3d 343, 346–48 (Tex. App.—Tyler 2014, pet. filed). Nonetheless, we are bound by this court's precedent. *See Glassman*, 347 S.W.3d at 781–82 & n.8. Under that precedent, Shelley's slip-and-fall claim is a claim based upon an alleged departure from accepted standards of safety and is a health care liability claim. *See Williams*, 371 S.W.3d at 183–86; *Galvan*, 2014 WL 295166, at

---

[5] On June 27, 2014, the Supreme Court of Texas granted review in *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439, in a case that may resolve this split among the courts of appeals.

*2–10; *Ross*, 2013 WL 1136613, at *1–2.

## B. Did the plaintiff-employee comply with the expert-report requirement?

Under section 74.351, in a health care liability claim, a claimant,[6] within the time constraints prescribed in this statute, must serve on each party one or more expert reports as defined in the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351; *Stockton*, 336 S.W.3d at 614–15. Shelley did not serve any document on the Hospital in an attempt to comply with section 74.351(a)'s expert-report requirements. Therefore, the trial court erred by denying the Hospital's motion and by failing to dismiss Shelley's claim with prejudice and award the Hospital reasonable attorney's fees and court costs incurred by the Hospital. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b); *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009) ("If a timely and sufficient report is not served, the trial court must award the provider its attorney's fees and costs and dismiss the case with prejudice"); *Galvan*, 2014 WL 295166, at *10.

## III. CONCLUSION

Under binding precedent from the Supreme Court of Texas and this court, Shelley's slip-and-fall claim is a claim based upon an alleged departure from accepted standards of safety and is a health care liability claim. Therefore, Shelley was required to comply with section 74.351(a)'s expert-report requirements. Because she failed to make any attempt to do so, the trial court erred in denying the Hospital's motion to dismiss. Accordingly, we sustain the Hospital's three issues, reverse the trial court's order, and remand with instructions to the trial court (1) to dismiss Shelley's claim with prejudice under section 74.351(b), (2) to conduct

---

[6] Because she seeks recovery of damages in a health care liability claim, Shelley is a claimant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.001(a)(2) (West 2014).

11

further proceedings to determine the amount of reasonable attorney's fees that should be awarded to the Hospital under this statute, and (3) to award the Hospital reasonable attorney's fees and court costs incurred by the Hospital.


/s/ Kem Thompson Frost
  Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.