**Reversed and Remanded and Memorandum Opinion filed August 28, 2014.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-13-00676-CV**

---

**THE UNIVERSITY OF TEXAS MEDICAL BRANCH (UTMB), Appellant**

**V.**

**DEBBRA CLARKE, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-CV-0906**

---

## M E M O R A N D U M   O P I N I O N

The University of Texas Medical Branch (UTMB), a healthcare provider under section 74.001(a)(12) of the Civil Practice and Remedies Code,[1] appeals from the trial court's interlocutory order denying UTMB's section 74.351(b) motion to dismiss. The sole issue on appeal is whether appellee Debbra Clarke's

---

[1] Unless otherwise specified, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

slip-and-fall negligence claim, which occurred on UTMB's premises, is a chapter 74 healthcare liability claim to which the expert-report requirements of section 74.351(a) apply. Based on our precedent, we hold that Clarke's claim is a healthcare liability claim. We reverse and remand.

On April 7, 2010, after seeking outpatient medical treatment, Clarke slipped and fell in the lobby of UTMB's Galveston, Texas, campus. She sued UTMB for negligence, alleging that UTMB failed to make the premises reasonably safe. UTMB filed a motion to dismiss, arguing that Clarke had alleged a chapter 74 healthcare liability claim but had not timely served the expert report required by section 74.351(a). The trial court denied the motion, and UTMB timely filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2008) (allowing interlocutory appeal from the denial of a section 74.351(b) motion).

Generally, we review a trial court's order granting or denying a section 74.351(b) motion for an abuse of discretion. *Mem'l Hermann Hosp. Sys. v. Galvan*, 434 S.W.3d 176, 179 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). However, the question of whether chapter 74 applies to a claim is one of law, which we review de novo. *See id.*; *Sherman v. HealthSouth Specialty Hosp., Inc.*, 397 S.W.3d 869, 872 (Tex. App.—Dallas 2013, pet. denied).

This court recently held that a slip-and-fall negligence claim against a healthcare provider based upon an alleged departure from accepted standards of safety is a chapter 74 healthcare liability claim. *Galvan*, 434 S.W.3d at 186; *see also Sherman*, 397 S.W.3d at 875; *Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 WL 1136613, at *1–*2 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. granted) (mem. op.). Like the plaintiff's claim in *Galvan*, Clarke's claim is a slip-and-fall negligence claim against a healthcare provider based upon

an alleged departure from accepted standards of safety. Therefore, Clarke's claim is a chapter 74 healthcare liability claim.

Every claimant asserting a healthcare liability claim must comply with section 74.351(a)'s expert-report requirement. *Galvan*, 434 S.W.3d at 186. Under section 74.351, a claimant must serve one or more expert reports on each defendant within the time constraints prescribed in the statute. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2014). If a claimant does not comply with the expert-report requirement, the court must dismiss the claim with prejudice and award reasonable attorney's fees and court costs to the healthcare provider. *Id.* § 74.351(b) (West 2011). Clarke did not serve any document on UTMB in an attempt to comply with section 74.351(a)'s expert-report requirements. The trial court erred when it did not dismiss her claim with prejudice and award court costs and reasonable attorney's fees to UTMB. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)–(b) (West 2011 & Supp. 2014); *Galvan*, 434 S.W.3d at 187.

Accordingly, we sustain UTMB's sole issue on appeal, reverse the trial court's order, and remand to the trial court with the following instructions: (1) dismiss Clarke's claim with prejudice under section 74.351(b); (2) conduct further proceedings to determine the amount of reasonable attorney's fees that should be awarded to UTMB under the statute; and (3) award UTMB reasonable attorney's fees and court costs. *See Galvan*, 434 S.W.3d at 187.

/s/    Marc W. Brown
        Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

3