ACCEPTED
12-13-00005-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/29/2014 7:57:38 PM
CATHY LUSK
CLERK

# NO. 12-13-00005-CV

_____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/29/2014 7:57:38 PM
CATHY LUSK
Clerk

# In the Court of Appeals
# for the Twelfth Judicial District at Tyler, Texas

_____

THE GOOD SHEPHERD HOSPITAL, INC.,
**Appellant,**

**v.**

RONALD MASTEN and CHARLENE MASTEN,
**Appellees.**

_____

**Appealed from the 188th Judicial District Court of
Gregg County, Texas
Cause No. 2012-876-A**

_____

# APPELLANT'S MOTION FOR REHEARING

_____

Respectfully submitted,
**MCCATHERN, PLLC**
David W. Dodge
DDodge@McCathernLaw.com
State Bar No. 24002000
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219
(214) 741-2662 - Telephone
(214) 741-4717 - Facsimile

***ATTORNEYS FOR APPELLANT***

1

**APPELLANT'S MOTION FOR REHEARING**

1.    Appellant respectfully requests that the Court of Appeals withdraw its December 3, 2014 Memorandum Opinion in this matter, and grant judgment to Appellant.   Alternatively, Appellant requests the Court vacate the judgment for Appellees and await forthcoming guidance from the Texas Supreme Court when it hands down its opinion in *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439.

**A. The Court Should Grant Judgment for Appellant because the Logic of *Vargas* is Flawed.**

2.    In the Memorandum Opinion, the Court relies on a recent opinion from the El Paso Court of Appeals to dispense with Appellant's argument that Appellees' express reliance on safety regulations that *only apply to emergency medical service providers* creates a nexus between those claims and the provision of health care.  *See* Memorandum Opinion at 7-8 (quoting *East El Paso Physicians Medical Center, L.L.C. v. Vargas*, --- S.W.3d ----, No. 08-13-00358-CV, 2014 WL 5794622, \*6 (Tex. App.—El Paso, Nov. 7, 2014, pet. filed)).  With respect to the Court, its reliance on *Vargas* is misplaced.

3.    Although not part of the opinion quoted by this Court, the principal conclusion reached by the El Paso Court in *Vargas* was that, although "Vargas' pleaded claims may touch on or implicate hospital licensure regulations, *Twilley* makes clear that the existence of an on-point safety regulation does not convert a

2

claim into a safety HCLC . . . ." *Vargas*, 2014 WL 5794622 at *5. It is this conclusion that leads to the portion of the opinion cited by the Court. Yet, this conclusion is an answer to a question that was never asked.

4. Neither the hospital in *Vargas* nor Appellant here argued that safety regulations that apply generically to all types of industries—such as the OSHA regulations at issue in *Twilley*—established a nexus between the claimant's cause of action and health care. Rather, it is the fact that the safety regulation both: (a) *specifically applies only to healthcare providers*; and (b) is expressly made a basis of liability by the claimant, that supplies any necessary connection to healthcare.

5. Those two elements exist here. As Appellant argued in its Reply:

> Appellees cannot escape the close relationship of their claim to Good Shepherd's provision of emergency medical services because they expressly base their claims on Appellants' alleged deviations from "industry safety standards"—safety standards their experts identify as being established under the Emergency Healthcare Act. *Id.*; CR 158 (Plaintiffs' Original Petition at 7); CR 600 (Shipp report alleging violation of 25 TAC § 157.11(d) related to vehicle maintenance); Appx. Ex. 3. In light of this express reliance on the EMS safety regulations—regulations that apply *only* to providers of emergency medical services—it is impossible for Appellees to show that their claims are "entirely *unrelated* to health care." *Twilley*, 2013 WL 772136 at *4 (emphasis in original).

Appellant's Reply Brief at 5 (footnotes omitted).

6. The fact that Appellees specifically base liability on the allegation that safety regulations exclusively applicable to Good Shepherd as an emergency

3

medical services provider itself supplies a sufficient nexus to healthcare to trigger application of the Texas Medical Liability Act ("TMLA"). Thus, if the question is, as the El Paso Court of Appeals stated: "[W]hether the plaintiff alleged that the health care provider defendant breached safety standards indirectly related to health care," then the answer here is emphatically "yes".[1]

7. As noted below, the *Vargas* opinion also conflicts with this Court's decision in *Reddic*, an opinion which is much more closely aligned with the Fourteenth Court of Appeals' decision in *Ross*. *See Vargas*, 2014 WL 5794622 at *3 (grouping *Reddic* and *Ross* together as cases that require no nexus between safety and the provision of healthcare).

8. Appellant recognizes that this Court would likely view the El Paso Court's interpretation of *Reddic* as incorrect on the same basis the Court distinguished *Reddic* in the Memorandum Opinion. However, the basis for this Court finding an indirect relationship to the provision of healthcare in *Reddic* is also present here. Specifically, in *Reddic*, the Court reasoned there was an indirect connection to healthcare because the duty allegedly breached was equally applicable to patients and hospital visitors alike. Memorandum Opinion at 6.

---

[1] The El Paso Court of Appeals' recognition that Ms. Vargas' claims "touch[ed] on or implicate[d]" the referenced *hospital-specific* regulations is, in effect, a tacit admission that those claims are not "wholly and conclusively inconsistent with and separable from the rendition of health care." Memorandum Opinion at 4.

4

9.     Yet this is also true of the specialized emergency medical services regulations allegedly violated in this case—they exist to keep safe Good Shepherd patients and employees alike. *See*, *e.g.*, Appellant's Brief at 25 (citing 25 TAC § 157.11(d)(1) - "[a]ll EMS vehicles must be adequately constructed, equipped, maintained and operated *to render patient care, comfort and transportation safely and efficiently*." (emphasis added)). The difference is that the regulations cited by Appellant apply only to emergency medical service providers. Thus, if anything, the regulations cited by Appellant, and relied on by Appellees as a basis for its alleged liability, bear a much closer relationship to the provision of healthcare than do the negligence duties arising from the common law of premises liability in *Reddic.*

10.     It is no answer to say that Appellant's alleged acts and omissions are also claimed to violate OSHA regulations. The TMLA does not permit "claim splitting." *Yamada v. Friend*, 335 S.W.3d 192, 195–96 (Tex. 2010). Either a claimant's allegations have a relationship to healthcare or they do not. Because the Appellee's allegations here are at least as closely related to the provision of healthcare as those of the plaintiff in *Reddic*, the requisite nexus (if any is required) was established.

**B. The Court Should Await the Texas Supreme Court's Opinion in _Ross_.**

11.     If the Court is unwilling to grant judgment to Appellant, it should vacate the judgment, withdraw its Memorandum Opinion and reconsider the appeal after the Texas Supreme Court issues its decision in _Ross v. St. Luke's Episcopal Hosp._, 14-12-00885-CV, 2013 WL 1136613 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. granted).

12.     In the wake of _Texas W. Oaks Hospital, LP v. Williams_, 371 S.W.3d 171 (Tex. 2012), Texas Courts of Appeals have struggled to articulate and apply a clear standard for determining whether a claim falls within the "safety" prong of the definition of a "health care liability claim" (an "HCLC") under the TMLA. Specifically, the issue of what (if any) nexus must exist between the provision of health care an alleged deviation from accepted standards of "safety" in order for the TMLA to be triggered is one on which the Texas Courts of Appeals are split.[2] Even those Courts of Appeals that require some nexus to healthcare reach differing conclusions based on materially identical facts.[3]

---

[2] _See East El Paso Physicians Medical Center, L.L.C. v. Vargas_, --- S.W.3d ----, No. 08-13-00358-CV, 2014 WL 5794622, *3 (Tex. App.—El Paso, Nov. 7, 2014, pet. filed) (listing conflicting cases).

[3] _Compare id._ (concluding "garden variety" slip and fall was not an HCLC) _with E. Texas Med. Ctr. Reg'l Health Care Sys. v. Reddic,_ 426 S.W.3d 343 (Tex. App.—Tyler 2014, pet. filed) (concluding such a slip and fall claim was an HCLC).

13.     It is anticipated that the Supreme Court's decision in *Ross* will substantially clarify the nexus issue. In *Ross*, the Fourteenth Court of Appeals held "a connection between the act or omission and health care is unnecessary for purposes of determining whether Ross brings an HCLC." *Ross*, 2013 WL 1136613 at *1.[4] The Texas Supreme Court heard oral argument in *Ross* on November 5, 2014, and is poised to issue an opinion in that case.[5] If the Supreme Court affirms that holding, Appellant respectfully submits that the Court of Appeals opinion in this matter would have to be reversed. Even if the Court does not affirm, its opinion in *Ross* is likely to shed much needed light on the issues raised in this appeal.

### PRAYER

WHEREFORE, Appellant prays that the Court grant this Motion for Rehearing, vacate its judgment for Appellees, and grant judgment for Appellant. Alternatively, Appellant requests that the Court vacate the judgment, withdraw the Memorandum Opinion, and reconsider that decision with the benefit of the Texas Supreme Court's forthcoming opinion in *Ross*.

---

[4] Appellant likewise argued that the TMLA does not require any connection between health care and the alleged deviation from accepted standards of "safety" for a claim to constitute an HCLC. *See* Appellant's Brief at 26; Appellant's Reply Brief at 3 & n.3.

[5] The video of oral argument before the Texas Supreme court in *Ross* can be found at:
http://texassupremecourt.mediasite.com/mediasite/Play/adababbdb285436395df86df6ce3358b1d

Respectfully submitted,

**MCCATHERN, PLLC**

/s/David W. Dodge

David W. Dodge
State Bar No. 24002000
Regency Plaza
3710 Rawlins, Ste. 1600
Dallas, Texas 75219
(214) 741-2662 - Telephone
(214) 741-4717 - Facsimile
**COUNSEL FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(D), I certify that the portion of this motion subject to Appellate Rule 9.4(i) contains 1451 words.

/s/David W. Dodge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Appellant's Motion for Rehearing was served upon all parties to this appeal in accordance with the TEXAS RULES OF CIVIL AND APPELLATE PROCEDURE on this 29th day of December, 2014, via the means indicated below:

**Via E-Service:**
Ted Lyon
Bill Zook
Ron McCallum
Ted B. Lyon & Associates, P.C.
18601 LBJ Freeway, Suite 525
Mesquite, Texas 75150
*ATTORNEYS FOR APPELLEES*

/s/David W. Dodge