# IN THE SUPREME COURT OF TEXAS

═══════════
No. 12-0388
═══════════

PSYCHIATRIC SOLUTIONS, INC. AND MISSION VISTA BEHAVIORAL HEALTH
SERVICES, INC. D/B/A MISSION VISTA BEHAVIORAL HEALTH CENTER,
PETITIONERS,

v.

KENNETH PALIT, RESPONDENT

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

JUSTICE GUZMAN delivered the opinion of the Court, in which CHIEF JUSTICE JEFFERSON, JUSTICE HECHT, JUSTICE GREEN, JUSTICE JOHNSON, JUSTICE WILLETT, and JUSTICE DEVINE joined.

JUSTICE BOYD filed a concurring opinion, in which JUSTICE LEHRMANN joined.

In *Texas West Oaks Hospital, LP v. Williams*, we held that a mental health professional employee's claims against his employer, a mental health hospital, alleging inadequate security and training were health care liability claims (HCLC) based on the 2003 amendments to the Texas Medical Liability Act (TMLA).[1] Here, we consider the claims of an employee health care provider against his employer, also a health care provider. The employee's claims arise from an incident similar to that in *West Oaks*, and we thus determine whether the employee's claim that the employer provided improper security of a psychiatric patient and inadequate safety for the employee is an HCLC under the TMLA. As in *West Oaks*, we conclude here that the employee's claim is an HCLC,

_____

[1] 371 S.W.3d 171, 179 (Tex. 2012).

the employee is a claimant, and his failure to serve the defendant with an expert report within the TMLA's 120-day deadline mandates dismissal of his suit. Because the court of appeals concluded otherwise, we reverse its judgment.

## I. Background

Kenneth Palit was employed as a psychiatric nurse at Mission Vista Behavioral Health Center, operated by Psychiatric Solutions, Inc., and Mission Vista Behavioral Health Services, Inc. (collectively "Mission Vista"). On April 2, 2008, he was injured at work while physically restraining a psychiatric patient during a behavioral emergency. Palit subsequently filed suit asserting a cause of action for negligence against Mission Vista, seeking damages for personal injuries.

Over 120 days later, Mission Vista moved to dismiss Palit's suit, claiming the suit alleged an HCLC and must be dismissed because Palit failed to serve an expert report as required by section 74.351 of the TMLA. The trial court denied the motion to dismiss, and the court of appeals affirmed. __ S.W.3d __, __.

## II. Discussion

Under the TMLA, a claimant is "a person . . . seeking or who has sought recovery of damages in a health care liability claim." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(2). When a claimant asserts an HCLC, the claimant must comply with the TMLA's requirements, one of which is to serve an expert report within 120 days of filing suit. *Id.* § 74.351. Palit, is a claimant under the TMLA if his suit is seeking damages in an HCLC. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 179 (Tex. 2012) (holding the change from "patient" to "claimant" in the 2003 amendment to the HCLC definition in the TMLA now includes an employee of a health care provider who brings an

HCLC). We must therefore determine whether Palit's claim is an HCLC to resolve whether Palit's suit must be dismissed for failing to comply with the TMLA's expert-report requirement.

In *West Oaks*, we held that a mental health professional employee's claims against his employer mental health hospital regarding inadequate security and training were HCLCs based on the 2003 amendments to the TMLA. *Id*. at 181. The 2003 Legislation amended the definition of an HCLC to mean:

> a *cause of action against a health care provider* or physician for . . . claimed departure from accepted standards of medical care, *or health care, or safety* or professional or administrative services directly related to health care, which proximately results in injury to or death of a *claimant*, whether the claimant's claim or cause of action sounds in tort or contract.

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 865 (current version at TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13)) (emphases added).

We explained in *West Oaks* that an HCLC has three basic elements:

> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

371 S.W.3d at 179–80. The parties only dispute the second element here.

We addressed the second element in *West Oaks*, which involved a negligence claim by a mental health professional against his mental health hospital employer for injuries sustained in a physical altercation with a patient. *Id*. at 174–75. We reasoned that a "health care facility's 'training and staffing policies and supervision and protection of [a patient] and other residents are integral components of [the facility's] rendition of health care services.'" *Id.* at 181 (quoting *Diversicare*

3

*Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 942, 850 (Tex. 2005)) (alterations in original). Importantly, "by specific statutory directive[,] health care claims must involve a patient-physician relationship," and claims involving employee supervision of a patient at a mental health care facility can still qualify as a health care claim because the patient's presence at the facility is due to their patient-physician relationship. *Id.* Thus, because appropriate supervision and security of patients and "providing a safe workplace . . . [for] caregiver[s] at a psychiatric facility are integral to the patient's care and confinement," those acts or omissions constitute "health care" under section 74.001(a)(10) of the TMLA. *Id.* at 182.

Following the 2003 amendments, HCLCs now include "departure[s] from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). Of these types of claims, safety is the only term not defined in the TMLA. *See*, *e.g.*, *id.* § 74.001(a)(10), (a)(19), (a)(24) (defining "health care," "medical care," and "professional or administrative services"). Because "safety" is not defined, it is construed "according to its common meaning as being secure from danger, harm or loss." *Tex. W. Oaks*, 371 S.W.3d at 184.

Here, Palit's claim alleges he was injured "as a result of improper security of a dangerous psychiatric patient" because Mission Vista "failed to provide a safe working environment and failed to make sufficient precautions for [his] safety." As in *West Oaks*, these allegations fall under both the safety and health care components of an HCLC, indicating both an alleged departure from the accepted standards of safety, *see id.* at 186, and that Palit's health care provider employer violated the standard of health care owed to its psychiatric patients, *id.* at 182. In *West Oaks* we noted that

4

Texas mental health statutes and regulations require that inpatient mental health facilities "'provide adequate medical and psychiatric care and treatment to every patient in accordance with the *highest standards accepted in medical practice*,'" *id.* at 181 (quoting TEX. HEALTH & SAFETY CODE § 576.022(a)) (emphasis added), and that "[i]t would blink reality to conclude that no professional mental health judgment is required to decide what those [standards] should be, and whether they were in place at the time of [the] injury," *id.* at 182. As such, we have held "that if expert medical or health care testimony is necessary to prove or refute the merits of a claim against a physician or health care provider, the claim is a health care liability claim." *Id.* Thus, because Palit's allegations implicate a standard of care that requires expert testimony to prove or refute it, his claim is an HCLC. *See id.*[2]

### III. Conclusion

In sum, Palit's suit claims that Mission Vista departed from the accepted standards of safety and health care, which requires the use of expert health care testimony to support or refute the allegations. *Id*. at 182, 193. Thus, the claim is an HCLC. *Id*. at 182. As a person seeking recovery of damages in an HCLC, Palit is a claimant and was required to serve an expert report within 120 days of filing suit. TEX. CIV. PRAC. & REM. CODE § 74.351(a). Because he failed to serve an expert report, Mission Vista is entitled to a dismissal of the claim and reasonable attorney's fees and costs.

---

[2] The concurrence believes that the Legislature's 2003 amendments to the TMLA indicate that claims alleging a departure from the accepted standards of safety must be directly related to health care to qualify as HCLCs. __ S.W.3d __, __ (Boyd, J., concurring). Because the concurrence itself concedes that the claim here directly relates to health care, the opinion is advisory at best. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 147 (Tex. 2012).

*Id*. § 74.351(b). Mission Vista requested its attorney's fees and costs in the trial court pursuant to section 74.351(b)(1) of the TMLA. Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and remand to the trial court with instructions to dismiss Palit's claim against Mission Vista and consider Mission Vista's request for attorney's fees and costs. *Tex. W. Oaks*, 371 S.W.3d at 193.

_____
Eva M. Guzman
Justice

**OPINION DELIVERED:** August 23, 2013

6