

## NUMBER 13-13-00557-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

RIO GRANDE REGIONAL
HOSPITAL,                                                              Appellant,

v.

LIBRADA GALAVIZ SALINAS,                                              Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

## DISSENTING MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Dissenting Memorandum Opinion by Justice Longoria**

Does the expert-report requirement contained in chapter 74 of the Texas Civil

Practice and Remedies Code apply to a garden-variety slip-and-fall claim by a non-patient

against a hospital if the injury occurred while the claimant was in a health care setting? *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West, Westlaw through 2013 3d C.S.). The trial court, faithfully applying this Court's precedent, ruled that it does not. *See Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13-12-00602-CV, 2013 WL 4859592, at *3 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. filed) (mem. op.). Today, the majority affirms. I respectfully dissent because I continue to believe that *Texas West Oaks Hospital, L.P. v. Williams*, 371 S.W.3d 171, 185–86 (Tex. 2012), compels a different result. *See Mejia*, 2013 WL 4859592, at *4–6 (Longoria, J., dissenting).

## I. ANALYSIS

### A. Standard of Review & Applicable Law

"We generally review a trial court's order granting or denying a motion to dismiss filed under section 74.351 under an abuse of discretion standard." *Hendrick Med. Ctr. v. Tex. Podiatric Med. Ass'n*, 392 S.W.3d 294, 296–97 (Tex. App.—Eastland 2012, no pet.). However, "when the issue presented requires statutory interpretation or a determination of whether Chapter 74 applies to a claim, that is a question of law to which we apply a de novo standard of review." *Mem'l Hermann Hosp. Sys. v. Galvan*, No. 14-13-00120-CV, __S.W.3d __, 2014 WL 295166, at *2 (Tex. App.—Houston [14th Dist.] Jan. 28, 2014, pet. filed).

### B. Applicable Law

Section 74.351 of the Texas Civil Practice and Remedies Code entitles a defendant to dismissal of a health care liability claim (HCLC) if the defendant is not served, within 120 days of the date the suit was filed, with an expert report showing that

the claim has merit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). The Texas Supreme Court has explained that an HCLC[1] has three elements:

> (1) a physician or health care provider must be a defendant; (2) the claim or claims at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant.

*Tex. W. Oaks Hosp.*, 371 S.W.3d at 179–80. In deciding whether a claim is an HCLC, "we consider the underlying nature of the claim. Artful pleading cannot alter that nature." *Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392, 394 (Tex. 2011).

With regard to the second element of an HCLC, the claim must concern "treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care." *Tex. W. Oaks*, 371 S.W.3d at 180. The Texas Supreme Court has interpreted the "safety" prong "according to its commonly understood meaning as the condition of being 'untouched by danger; not exposed to danger; secure from danger, harm or loss.'" *Id.* at 184 (citing *Diversicare Gen. Ptrs., Inc. v. Rubio*, 185 S.W.3d 842, 855 (Tex. 2005)). The Texas Supreme Court expressly considered whether a claim for departure from standards of "safety" must be "directly related to health care" and affirmatively concluded that it does not. *See id.* at 186 (concluding that "the safety component of HCLCs need not be directly

---

[1] Chapter 74 of the Texas Civil Practice and Remedies Code provides the following definition of an HCLC:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West, Westlaw through 2013 3d C.S.).

related to the provision of health care"). The court reasoned that the legislature added the phrase "directly related to health care" to modify the phrase "professional or administrative services," and that to construe the phrase as modifying the rest of the statute would be "nonsensical, as it would be entirely redundant as to health care and medical care, unsupported by the text in the attempted application of safety, and render safety largely repetitive of health care." *Id.* at 185 (citing *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 673 (Tex. 2010) (Johnson, J. concurring)). By this reasoning, the Texas Supreme Court adopted the statutory construction advanced by Chief Justice Jefferson in his concurring and dissenting opinion in *Marks*, where he wrote that "the Legislature's definition of 'safety' forbids a premises liability claim against a health care provider, even if the claim is based on structural defect, criminal assault, or careless act." *Marks*, 319 S.W.3d at 674 (Jefferson, C.J., concurring and dissenting); *see id.* at 686 (Guzman, J., concurring and dissenting) ("It is unclear what acts of ordinary negligence occurring in a health care setting, if any, might still fall within the scope of premises liability rather than health care liability.").

## C. Discussion

This case presents essentially the same factual allegations as *Mejia* (i.e., a slip-and-fall claim by a non-patient against a hospital where the fall occurred), and the same legal issue: whether a non-patient who brings such a claim against a hospital asserts a departure from accepted standards of safety, triggering the expert report requirement. *See Mejia*, 2013 WL 4859592, at *1. Following *Mejia*, the majority answers this question in the negative. The majority interprets *Texas West Oaks* as having "stopped short of concluding that all premises liability claims involving a healthcare defendant are

4

healthcare liability claims. Instead, the court recognized a new type of healthcare liability claim—that is, one involving safety which is *indirectly* related to health care," and that this holding did not make Chapter 74 applicable to all safety-related claims against a hospital or health care provider. *See id.* at *2. The majority reasons that the *Texas West Oaks* opinion instructs us to examine "the standards for the conduct at issue, rather than the form of pleadings or identities of the parties," *Tex. W. Oaks Hosp.*, 371 S.W.3d. at 191, and that the *Texas West Oaks* opinion still requires some nexus with healthcare for claims alleging departures from "accepted standards of safety." According to the majority, to hold otherwise would be inconsistent with the purpose of the expert report requirement, which is to assist the trial court in determining whether a claim against a doctor or health care provider is meritorious. The majority reasons that a report evaluating departures from standards of safety in the provision of health care would be irrelevant in determining whether a claim such as this has merit.

I cannot agree with the majority because the *Texas West Oaks* opinion sweeps much further. The claim asserted by the plaintiff in *Texas West Oaks* involved alleged departures from standards of health care. Texas West Oaks even admitted as much in its brief.[2] *See id.* at 198 (Lehrmann, J., dissenting). However, the court went beyond that

---

[2] Williams was an employee of the defendant hospital, and his claims were "predicated upon the monitoring and restraint of violent, schizophrenic patients." *Tex. W. Oaks Hosp. L.P., v. Williams*, 371 S.W.3d 171, 183–84 (Tex. 2012). The Court concluded that:

> The dispute between Williams and West Oaks is, at its core, over the appropriate standards of care owed to this mental health professional in treating and supervising a psychiatric patient at the mental hospital, what services, protocols, supervision, monitoring and equipment were necessary to satisfy the standard, and whether such specialized standards were breached. The allegedly missing or insufficient protocols and standards were for a mental patient in a mental hospital. It would blink reality to conclude that no professional mental health judgment is required to decide what those should be, and whether they were in place at the time of Williams' injury.

*Id.* at 182 (citations omitted).

5

claim, independently addressed whether the claims fell within the "safety" prong of an HCLC, and held that "the safety component of HCLCs need not be directly related to the provision of health care." *Id.* at 186. The court did not address claims for departures from standards of safety "indirectly related to health care," and provided no basis for limiting claims under the safety component of HCLCs in that way. *See Hermann Hosp. Sys.*, 2014 WL 295166, at *3 ("Though the [*Texas West Oaks*] [C]ourt did not expressly state that a claim upon alleged departures from accepted safety standards need not involve health care or be indirectly related to health care, in its guidance, the high court indicated that there were no such requirements."). "The expert report requirement is intended to effectuate . . . [Chapter 74's] objective that only meritorious causes of action proceed, not define the scope of HCLCs." *Tex. W. Oaks Hosp.*, 371 S.W.3d at 190; *see Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("A claim may be a health care liability claim to which the damage caps and expert report requirements are applicable and yet not require expert testimony to prevail at trial."). Moreover, applying a limitation of the holding in *Texas West Oaks* regarding safety to cases "indirectly related to health care" undermines the Texas Supreme Court's consistent interpretation of the TMLA as creating distinct categories of HCLCs that allege departures from accepted standards of "safety" and accepted standards of "health care." *See Tex. W. Oaks Hosp.*, 371 S.W.3d at 185–86; *see also Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 673 (Tex. 2010) (Johnson, J. concurring).[3]

---

[3] At least two Justices of the Texas Supreme Court apparently share this view of the effect the *Texas West Oaks* opinion necessarily will have on premises liability claims asserted against health care providers. *See Psychiatric Solutions, Inc. v. Palit*, 414 S.W.3d 724, 728 (Tex. 2013) (Boyd, J., concurring, joined by Lehrmann, J.) (stating the *Texas West Oaks* court construed the statutory definition of an HCLC such that "any cause of action against a health care provider or physician claiming departure from accepted standards of 'safety' is a health care liability claim, even if the safety standards are not 'directly related to health care'"); *Tex. W. Oaks Hosp.*, 371 S.W.3d at 198 (Lehrmann, J., dissenting) (observing that the *Texas*

In sum, in applying the logic of *Texas West Oaks*, there is no basis to conclude that Salinas's claim against a health care provider for an alleged departure from accepted standards of safety does not fall under the umbrella of the TMLA. Salinas "likely never imagined that, under the Texas Supreme Court's construction, the plain language of the Texas Medical Liability Act would swallow her garden-variety slip and fall case. But it has." *See Ross v. St. Luke's Episcopal Hosp.*, No. 14-12-00885-CV, 2013 WL 1136613, at *1 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. filed) (mem. op.). I would reverse the trial court's order denying the motion to dismiss, render judgment dismissing Salinas's claim, and remand for consideration of Rio Grande's request for reasonable attorneys' fees and court costs. *See Hermann Hosp. Sys.*, 2014 WL 295166, at *9 (concluding on essentially identical facts that the plaintiff was asserting an HCLC); *E. Tex. Med. Ctr. Reg. Health Care Sys. v. Reddic*, 426 S.W.3d 343, 348 (Tex. App.—Tyler 2014, pet. filed) (op. on reh'g) (same).

## II. CONCLUSION

Based on the foregoing, I respectfully dissent.


NORA L. LONGORIA
Justice

Delivered and filed the
31st day of July, 2014.

---

*West Oaks* majority opinion's interpretation of the term "safety" "is so broad that almost any claim against a health care provider can now be deemed a health care liability claim").