

NUMBER 13-14-00030-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARY MELINDA BARNES,** **Appellant,**

**v.**

**NAVARRO HOSPITAL, LP,**
**NAVARRO REGIONAL, LLC,**
**D/B/A NAVREG, LLC,** **Appellees.**

---

### On appeal from the 13th District Court
### of Navarro County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Benavides
### Memorandum Opinion by Justice Garza

In this case, appellant Mary Melinda Barnes failed to timely serve a medical expert report and the trial court granted a motion to dismiss filed by appellees, Navarro Hospital, LP, and Navarro Regional, LLC d/b/a Navreg, LLC (collectively "Navarro").

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West, Westlaw through 2013 3d C.S.). Because we find that the claim raised by Barnes is a health care liability claim, we affirm.[1]

## I. BACKGROUND

Barnes was injured on April 4, 2010 while working as an employee of Navarro, a non-subscriber under the Texas Workers' Compensation Act. *See* TEX. LAB. CODE ANN. § 405.033(d) (West, Westlaw through 2013 3d C.S.) (providing that, in an action by an employee against a non-subscriber employer, "the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment"). In her original petition, filed on December 21, 2011, Barnes alleged that she "injured her back shortly after starting her shift, when she was forced to care for a patient who had been unattended for several hours." According to the original petition,

> [f]or several hours the patient had made repeated phone calls to patient technicians seeking assistance that went unnoticed. In addition, patient had not been checked on during the previous shift routine hourly checkup rotation. As a result, when [Barnes] began her shift she entered the patient's room to find debris and other liquids scattered across the floor, which created an unsafe working environment. [Barnes] attempted to assist with [the] patient, who was obese, by cleaning and repositioning her. [Barnes] was not provided proper equipment to move an obese patient which led to her back injury. In addition, the debris and liquid caused [Barnes] to slip and cause further injury to her back, which has resulted in multiple procedures and surgeries. . . .

The petition alleged that Navarro was negligent and grossly negligent by: (1) failing to warn her of "hazards in her work environment"; (2) failing to "maintain a safe working environment"; (3) failing to provide her "with appropriate equipment required for the safe

---

[1] This appeal was transferred from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

performance of her job duties"; (4) failing to "to answer patients['] repeated calls for help"; (5) failing to "to properly monitor the patients"; (6) failing "to properly train its employees"; and (7) failing "to provide adequate staffing."

On July 13, 2012, Navarro moved to dismiss Barnes's suit, asserting that the claim raised therein is a health care liability claim ("HCLC") and that Barnes was therefore required, but failed, to timely file an expert medical report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).[2] After Navarro filed its motion to dismiss, but before the motion was heard and decided, Barnes filed two amended petitions, the latter of which omitted certain factual allegations. In particular, the second amended petition alleged in its "Facts" section only that Barnes "was walking in a room when she fell" and did not state where the accident occurred or that Barnes was in the process of treating a patient at the time. The second amended petition contained a premises liability claim alleging that Navarro "possessed actual knowledge of the slippery and unstable floor and failed to remedy or warn [Barnes] of the slippery unstable condition" and, in the alternative, that Navarro "possess[ed] constructive knowledge of the slippery and unstable floor which it would have discovered upon reasonable inspection," that the "condition of the floor at the time of the fall was unreasonably dangerous" and that Barnes did not know about the dangerous condition. In addition to the premises liability claim, the second amended petition also asserted that Navarro was negligent and grossly negligent by: (1) "[f]ailing to adequately and timely clean its floors"; (2) "[f]ailing to cover or mat its floors to prevent incident[s] such as that made the basis of this suit";

---

[2] Navarro's motion requested dismissal of Barnes's suit as well as an award of reasonable attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (West, Westlaw through 2013 3d C.S.) (stating that, if an expert report has not been timely served, "the court, on the motion of the affected physician or health care provider, shall" enter an order that (1) awards reasonable attorney's fees and costs of court to the defendant and (2) dismisses the claim with prejudice).

(3) "[f]ailing to timely and appropriately remedy a slippery unstable condition on the floor"; and (4) "[f]ailing to take steps necessary to make the floors stable and not slippery."

After a hearing on August 23, 2012, the trial court granted Navarro's motion to dismiss[3] and this appeal followed.[4]

## II. DISCUSSION

### A. Applicable Law and Standard of Review

Under the Texas Medical Liability Act ("TMLA"), a plaintiff asserting an HCLC must serve a medical expert report upon each party's attorney no later than the 120th day after the date the original petition was filed. *Id.* § 74.351(a). The statute defines HCLC as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13) (West, Westlaw through 2013 3d C.S.).

Whether a claim is an HCLC under the TMLA is a matter of statutory construction, which is a purely legal question that we review de novo. *Tex. W. Oaks*

---

[3] The final judgment noted that Navarro abandoned its claim for attorney's fees. *See id.* (noting that fees must be awarded upon dismissal for failure to serve an expert report only "on the motion of the affected physician or health care provider"); *but see Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010) (characterizing award of fees upon dismissal for failure to comply with expert report requirement as "mandatory"). Navarro has not filed a cross-appeal challenging the trial court's failure to award fees.

[4] The Tenth Court of Appeals previously dismissed an appeal arising from the same trial court proceedings. *Barnes v. Navarro Hosp., LP*, No. 10-12-00380-CV, 2013 WL 387880, at *1 (Tex. App.—Waco Jan. 31, 2013, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction because attorney's fees issue remained outstanding and judgment was therefore not final, but stating that dismissal was "without prejudice to the filing of a timely notice of appeal when the trial court has signed a final judgment"). The trial court subsequently rendered an agreed order dismissing Navarro's attorney's fees claim and explicitly disposing of all claims and parties.

4

*Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012). To determine whether a cause of action falls under the statute's definition of an HCLC, we examine the claim's underlying nature. *Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010). Artful pleading does not alter that nature. *Id.* In making the determination, we consider the entire court record, including the pleadings, motions and responses, and relevant evidence properly admitted. *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012).

Claims "which require[] the use of expert health care testimony to support or refute the allegations" are HCLCs. *Psychiatric Solutions, Inc. v. Palit*, 414 S.W.3d 724, 727 (Tex. 2013); *see Tex. W. Oaks*, 371 S.W.3d at 182. However, the inverse is not true: "[e]ven when expert medical testimony is not necessary, the claim may still be an HCLC." *Tex. W. Oaks*, 371 S.W.3d at 182 (citing *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("The fact that in the final analysis, expert testimony may not be necessary to support a verdict does not mean the claim is not [an HCLC].")).

**B.      Analysis**

In her original petition, Barnes stated that she slipped on "debris and other liquids scattered across the floor" in a patient's room as she was attempting to "clean[] and reposition[]" the patient. She suggested that Navarro's negligence stemmed from the fact that the "patient had not been checked on during the previous shift" which "created an unsafe working environment." She alleged in particular that Navarro was negligent by, among other things, failing to answer the patient's calls for help, failing to properly monitor patients, failing to properly train employees, and failing to provide adequate staffing. This claim is an HCLC because it alleges a departure from accepted standards of health care. *See Tex. W. Oaks*, 371 S.W.3d at 180 (noting that "a claim alleges a

5

departure from accepted standards of health care if the act or omission complained of is an inseparable or integral part of the rendition of health care" and that "training and staffing policies and supervision and protection of [patients] . . . are integral components of a [health care facility's] rendition of health care services . . . .") (citing *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 848, 850 (Tex. 2005)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(10) (defining "health care" as "any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement").

Barnes argues that we should disregard her original petition and instead review the trial court's ruling in light of her second amended petition, in which she alleged only that she "was walking in a room" in the hospital "when she fell due to a slippery substance and dangerous debris on the floor." In response, Navarro argues that we must consider the allegations in Barnes's original petition because "a health care liability claim cannot be recast as another cause of action to avoid the requirements of the [TMLA]." *Diversicare*, 185 S.W.3d at 851.

We agree with Navarro that Barnes's second amended petition is merely an effort to "recast" the claims made in her original petition, and so we may not disregard the original claims. "Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions." *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995) (citing *Drake Ins. Co. v. King*, 606 S.W.2d 812, 817 (Tex. 1980)). But superseded pleadings may be introduced as probative evidence. *See Drake Ins. Co.*, 606 S.W.2d at 817. Here, Navarro attached a

6

copy of Barnes's original petition to its reply to Barnes's response to the motion to dismiss. Moreover, the Texas Supreme Court has stated that appellate courts "should consider the entire court record" in determining whether a claim is an HCLC. *Loaisiga*, 379 S.W.3d at 258. We therefore conclude that the factual allegations made by Barnes in her original petition are properly considered in the analysis of whether Barnes's claim is an HCLC. And, considering those allegations, we find that the claim alleges a departure from accepted standards of health care. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(13). Therefore, under the statute, Barnes's claim is an HCLC and the trial court did not err in granting Navarro's motion to dismiss. Barnes's issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment granting Navarro's motion to dismiss.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
29th day of August, 2014.

7