# NO. 12-21-00150-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SOUTH PLACE SNF, LP,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOHN HUDSON,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

South Place SNF, L.P. appeals the trial court's denial of its second motion to dismiss John Hudson's suit against it. In five issues, South Place contends that the trial court should have dismissed Hudson's suit because it is a health care liability claim (HCLC) and Hudson failed to file the required expert report within 120 days of filing its original answer. We affirm.

## BACKGROUND

South Place is a skilled nursing and rehabilitation facility. In May 2018, Hudson met with Ashley Koonce, who was his ex-girlfriend and a South Place employee, at the facility's dining room. The purpose of Hudson's visit was to arrange the transfer of their daughter. When Hudson attempted to leave the dining room, he slipped and fell in a puddle of liquid accumulated on the floor. In his original petition, Hudson alleged that South Place violated its duties as a premises owner in the following respects, causing his injuries:

- creating a dangerous condition on its premises,
- failing to reasonably inspect its premises with the unreasonable dangerous condition it created,
- failing to remove the unreasonably dangerous condition and trip hazard created on its premises, and
- failing to warn him of the unreasonably dangerous condition and trip hazard created on it premises.

1

Six months after it filed an original answer, South Place filed a motion to dismiss Hudson's suit, alleging that his claim is an HCLC and that the claim should be dismissed because he failed to timely serve an expert report as required by the Texas Medical Liability Act (TMLA).[1] In its motion to dismiss, South Place contended as follows:

> Because nursing care is provided to residents in the dining room, [it] had an obligation to meet certain sanitary standards and keep the dining free from foreign substances which could cause unnecessary fall[s] or safety risks to residents. Accordingly, the safety standards upon which plaintiff's claim is based are substantially related to the provision of healthcare by South Place. Plaintiff's claim is, therefore, a healthcare liability claim subject to the expert report requirements of Chapter 74.

After a hearing and considering the pleadings and affidavits filed by each of the parties, the trial court denied South Place's motion to dismiss. On appeal, this Court examined the factors enumerated by the Texas Supreme Court in *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496 (Tex. 2015), and determined that Hudson's claim is not a HCLC and is based in premises liability.[2] South Place filed a petition for review with the Texas Supreme Court, which was denied.

On remand, the parties continued to engage in discovery. South Place urged that it did not create, and had no actual or constructive knowledge of, the alleged dangerous condition on the floor. In an attempt to combat that assertion, Hudson designated Stacy Donnelly as an expert and provided her report. In her report, Donnelly, a nurse, detailed how South Place violated standards of medical care and safety in connection with Hudson's claim, including those related to nursing care, infection control, catheter use and care, and maintenance of a safe environment for facility residents. South Place then filed a second motion to dismiss, alleging that Donnelly's report characterized Hudson's claim as a HCLC and that Hudson's failure to serve the report within the 120-day window necessitated dismissal. Hudson withdrew Donnelly's report and expert witness designation. Following a hearing, the trial court denied the motion to dismiss. This interlocutory appeal followed.[3]

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b) (West 2019).

[2] *S. Place SNF, L.P. v. Hudson*, 606 S.W.3d 829, 833-35 (Tex. App.—Tyler 2020, pet. denied).

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (West Supp. 2021).

In its five issues, South Place argues that the trial court should have granted its motion to dismiss. Specifically, it urges that Donnelly's report proves that Hudson's claim is a HCLC and not a premises liability claim. It further posits that even if Hudson's claim is not pleaded like a HCLC, the mere fact that it could be, makes an expert report necessary. Hudson contends, and South Place disputes in its second issue, that our prior opinion is binding and we cannot reconsider whether Hudson's claim is a HCLC under "the law of the case." We agree with Hudson.

## The Law of the Case

Under the law-of-the-case doctrine, a decision rendered in a former appeal is generally binding in a later appeal of the same case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). The Texas Supreme Court has described the doctrine as follows:

> The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.

*Briscoe*, 102 S.W.3d at 716 (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). The doctrine may apply even when the appeal does not reach the court of last resort. *See City of Houston v. Precast Structures, Inc.*, 60 S.W.3d 331, 338 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding that when losing party accepts remand instead of furthering appeal, court of appeals decision becomes law of the case); *Paradigm Oil*, 372 S.W.3d at 182 (stating that decision by court of appeals becomes law of case in trial court and court of appeals even when petition for review denied by higher court).

The doctrine is not an absolute bar to reconsideration of the same issue in a second appeal. *Briscoe*, 102 S.W.3d at 716. Rather, the doctrine is flexible and provides courts of appeals with discretion to reconsider an issue depending on the particular circumstances surrounding the case. *Id.*; *Shiloh Treatment Ctr., Inc. v. Ward*, 608 S.W.3d 337, 341 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). One exception to the doctrine is where an appellate court's original decision is clearly erroneous, in which case the original decision is not

binding in a subsequent appeal. *Briscoe*, 102 S.W.3d at 716; *Entergy Corp. v. Jenkins*, 469 S.W.3d 330, 337 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). In addition, the doctrine does not necessarily apply when either the issues or the facts presented in successive appeals are not substantially the same as those involved in the first appeal. *Jenkins*, 469 S.W.3d at 337; *see Hoagland v. Butcher*, 474 S.W.3d 802, 809–10 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[U]nless the facts have sufficiently changed, our holdings in the previous appeal regarding personal jurisdiction are the law of this case.") (citing *Hudson*, 711 S.W.2d at 630).

## Analysis

On appeal, South Place maintains that Hudson's claim is a HCLC and that we are not bound by our prior opinion. Whether a claim is a health care liability claim under the TMLA is a question of law reviewed de novo. *Baylor Scott and White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). To qualify as a HCLC, three elements must be met: (1) a physician or health care provider must be a defendant; (2) the claim at issue must concern treatment, lack of treatment, or a departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's act or omission complained of must proximately cause the injury to the claimant. *Psychiatric Sols., Inc. v. Palit*, 414 S.W.3d 724, 725–26 (Tex. 2013); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2021) (defining "health care liability claim").

In 2019, South Place moved to dismiss Hudson's suit, arguing that Hudson's claim was actually a HCLC. The trial court denied the motion. This Court affirmed, holding that "Hudson's claim is not a HCLC, but rather one based on premises liability." *S. Place SNF, L.P. v. Hudson*, 606 S.W.3d 829, 835 (Tex. App.—Tyler 2020, pet. denied). When the Texas Supreme Court denied South Place's petition for review, our holding became the law of the case for the trial court and this Court. *See Paradigm Oil*, 372 S.W.3d at 182.

We recognize that there is some flexibility in whether to rely on the law of the case doctrine. However, for two reasons, we conclude that this is not a circumstance that would support relitigating a decided issue. First, the underlying facts and issues are remarkably the same as when we issued our first opinion. The key difference now being that the parties do not dispute that the substance on the floor was urine from a patient's catheter bag. However, we previously noted that whether the substance was urine would not change our analysis. *S. Place,* 606 S.W.3d at 834 n.3. As a result, our analysis of the *Ross* factors would not change. In fact,

4

the opinion applies the ***Ross*** factors under the assumption that the substance on the floor was urine that leaked from a patient's catheter bag. *See id.* at 834-35. South Place simply uses Donnelly's withdrawn report to reassert the arguments it made in the first appeal. At oral argument, South Place's counsel stated that the only fact that changed was the existence of the Donnelly report and that the report does not fit into any of the ***Ross*** factors.

Second, as noted by the First Court of Appeals in ***Shiloh Treatment Center***, there is real potential for misuse of the TMLA dismissal procedures if successive attempts were to be permitted. ***Shiloh Treatment Ctr.***, 608 S.W.3d at 343. If a TMLA movant can lose at the intermediate court, return to the trial court, and try again with new or different evidence throughout the discovery process, there is nothing prohibiting him from doing so a third, fourth, or fifth time. *See id.* The TMLA and law of the case doctrine both derive from concerns of judicial economy, and allowing multiple dismissal and appeal attempts is contrary to that concern. *See id.*

Accordingly, we hold that our prior opinion that Hudson's claim is not a HCLC is the law of the case for the remainder of the suit. As a result, we overrule South Place's second issue and need not address the remainder of its issues. *See* TEX. R. APP. P. 44.1.

## DISPOSITION

Having overruled South Place's second issue, we ***affirm*** the trial court's order denying South Place's motion to dismiss Hudson's suit against it.

BRIAN HOYLE
Justice

Opinion delivered March 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 9, 2022**

**NO. 12-21-00150-CV**

**SOUTH PLACE SNF, LP,**
Appellant
V.
**JOHN HUDSON,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV19-0123-392)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below denying South Place's motion to dismiss John Hudson's suit against it **be in all things affirmed**, all costs of this appeal are assessed against the Appellant, **SOUTH PLACE SNF, LP,** and that this decision be certified to the court below for observance.

Brian Hoyle., Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*